In the Matter of GODWIN R. VALDEZ (Admitted as GODWIN REYES VALDEZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in New York by the Second Judicial Department on May 27, 1981 under the name Godwin Reyes Valdez, and at all relevant

times herein he has maintained an office for the practice of law within the First Judicial Department.

On January 27, 1989, in the United States District Court for the Southern District of New York, respondent pleaded guilty to the crime of falsely representing himself to be a citizen of the United States in violation of 18 USC § 911 and on March 31, 1989, was sentenced to time served. On or about January 6, 1989, respondent pleaded guilty in said court to the crime of conspiring to commit an offense against the United States in violation of 18 USC § 371 and on December 1, 1989, was sentenced to two years' incarceration, which was suspended and two years' probation. Both crimes are felonies under the laws of the United States.

The Departmental Disciplinary Committee seeks an order determining that the crimes of which respondent was convicted are "serious crimes" within the meaning of section 90 (4) (d) of the Judiciary Law and 22 NYCRR 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to the court, why a final order of censure, suspension or disbarment should not be entered.

Respondent has not interposed a response to the petition. The Committee states, upon information and belief, that respondent has been deported and is presently residing in the Phillipines. Service of the petition upon respondent in Manila at both his office and residence was attempted. The agent who attempted service was informed that respondent had vacated his Manila office and, when the agent went to respondent's Manila residence, was informed that respondent was on vacation at Mindanao Island. A woman who identified herself as respondent's cousin accepted the notice of petition and promised to give it to respondent. Information was thereafter received that respondent no longer resides at the Manila address and resides on the Island of Mindanao.

Since the crimes of which respondent has been convicted are Federal felonies, they fall within the definition of "serious crimes" under Judiciary Law § 90 (4) (d) and the rules of this court (22 NYCRR 603.12 [b]). Accordingly we grant petitioner's motion and deem that respondent committed a serious crime within the contemplation of Judiciary Law § 90 (d), suspend respondent from the practice of law until a final order is

issued (Judiciary Law § 90 [4] [f]) and direct respondent to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this court, why a final order of censure, suspension or disbarment should not be entered.

SULLIVAN, J. P., MILONAS, ELLERIN, KUPFERMAN and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.